IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. _____ |
| MIAMI-DADE COUNTY; | ) | |
| BOARD OF COUNTY COMMISSIONERS, | ) | |
| MIAMI-DADE COUNTY; | ) | |
| PUBLIC HEALTH TRUST, | ) | |
| MIAMI-DADE COUNTY | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## COMPLAINT

1.      Defendants, MIAMI-DADE COUNTY; THE BOARD OF COUNTY

COMMISSIONERS OF MIAMI-DADE COUNTY; and THE PUBLIC HEALTH TRUST OF

MIAMI-DADE COUNTY are engaging in a pattern or practice of violating the constitutional

rights of inmates at the Miami-Dade County Corrections and Rehabilitation Department

("MDCR") Jail facilities.  Defendants' deliberate indifference to these constitutional rights

causes MDCR Jail facilities' inmates serious harm from suicide and self harm and unaddressed

serious mental health and medical needs.  Accordingly, this Complaint sets out claims of

Defendants' unlawful conduct of depriving persons incarcerated at the MDCR Jail facilities in

Miami-Dade County, Florida, of rights, privileges, or immunities secured and protected by the

Constitution of the United States.

2.      The United States Department of Justice ("United States") alleges the following,

based on information and belief:

## I.   JURISDICTION AND VENUE

3.      The United States is authorized to bring this action pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997a ("CRIPA").

4.      The Attorney General certifies that all pre-filing requirements specified by 42 U.S.C. § 1997b have been met.  The Attorney General's certificate is attached to, and incorporated in, this Complaint.

5.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

6.      Venue is proper in this district.  The acts and omissions giving rise to this action occurred in the Southern District of Florida.  28 U.S.C. § 1391(b).

## II.   DEFENDANTS

7.      Defendants, MIAMI-DADE COUNTY; THE BOARD OF COUNTY COMMISSIONERS OF MIAMI-DADE COUNTY; and THE PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY operate the MDCR Jail facilities, and are responsible for the safety, care, custody, and control of inmates incarcerated at the MDCR Jail facilities, as well as the actions of the MDCR Jail facilities' staff and any entity or individual contracting and providing services at the MDCR Jail facilities.

8.      Defendants are legally responsible for the operation, maintenance, and conditions of the MDCR Jail facilities and for the safety and health of inmates incarcerated at the MDCR Jail facilities.

9.      At all relevant times, Defendants have acted or failed to act, as alleged herein, under color of state law.

### III.   BACKGROUND

10.     The MDCR Jail is an institution within the meaning of 42 U.S.C. § 1997.

11.     The MDCR Jail facilities currently consist of six corrections facilities and currently house approximately 5,200 inmates in buildings spread out across the county.  The MDCR Jail facilities currently house inmates in correctional facilities including:  the Pre-Trial Detention Center; the Training and Treatment Center; the Turner Guilford Knight Correctional Center; and the Metro West Detention Center.  Additionally, the MDCR Jail facilities operate a boot camp program, with a housing facility adjacent to the Turner Guilford Knight Correctional Center.

12.     The United States sent Defendants a Findings Letter on August 24, 2011.   The Findings Letter concluded that certain conditions at the MDCR Jail facilities violated the constitutional rights of inmates, including those alleged in this Complaint.  Under a cover letter dated September 27, 2011, the Defendants provided the United States substantial documentation of changes and measures implemented at the MDCR Jail facilities since the time of the United States' inspections.  On October 4, 2011, Defendants' representatives met with the United States in Washington, D.C., to discuss the aforementioned documentation of remedial measures undertaken by the Defendants.

13.     Defendants made improvements in many areas of the MDCR Jail facilities' operations and the physical plant since the initial facility tours in 2008; however, the Defendants remained deliberately indifferent to the known unlawful deficiencies and failed to take basic steps to correct the inadequate suicide preventative care, mental health care, and medical care described in the United States' Findings Letter.

## IV.    FACTUAL ALLEGATIONS

### A.  Defendants Fail to Provide Constitutional Suicide Protection and Mental Health Care

14.    The Constitution requires Defendants to protect inmates from suicide and self-harm and to provide adequate care for inmates' serious mental health care needs.  Defendants have exhibited deliberate indifference to inmates' serious mental health care needs and to the obvious and substantial ongoing risk of inmate suicide, self-harm, and untreated mental illness.

15.    MDCR Jail facilities' inmates suffer serious harm from Defendants' deliberate indifference to inmates' serious mental health needs and to the ongoing risk of suicide and self-harm, as shown by Defendants' own documentation:

    a.  In March 2011, an inmate committed suicide less than one month after the inmate was evaluated as suicidal and placed in the suicide precaution housing unit.  The inmate was returned to the general psychiatric unit where the inmate died of asphyxiation from a bed sheet tied around the inmate's neck;

    b.  In September 2010, an inmate committed suicide by affixing a sheet to a vent. The inmate was noted as combative and psychotic a day after intake screening and transported to the emergency room.  Later that day, the inmate was returned and cleared for general population, where the inmate committed suicide two days later by asphyxiation; and

    c.  In February 2010, an inmate committed suicide by asphyxiation while in administrative segregation and under medical observation.

4

### i. Inadequate Suicide Prevention

16.      Defendants have failed to take reasonable measures to protect inmates against the serious harm from suicide and self harm, such as:  (1) implementation of adequate policies and procedures to treat and supervise inmates with suicidal and self-harm tendencies; (2) placement of adequate staff to monitor inmates on suicide watch and implement necessary policies and procedures; (3) provision of comprehensive, basic training to correctional staff to identify and respond to inmates who are at risk of suicide, self-harm, or untreated mental illness; (4) removal of suicide hazards from cells housing suicidal inmates; (5) timely and adequate evaluation of inmates for levels of suicide risk and supervision based on the risk; (6) provision of meaningful mental health treatment for inmates on suicide watch; and (7) establishment of adequate step-down programs for inmates being removed from suicide watch.

### ii. Inadequate Mental Health Care

17.      Defendants failed to take reasonable measures to provide adequate mental health services to inmates with serious mental illness, including:  (1) screening, evaluation and referrals, where inmates may require emergency, urgent or routine mental health care; (2) providing access to adequate care and an adequate mental health care request system; (3) assessment and treatment; (4) staffing at the MDCR Jail facilities to provide appropriate care; (5) reviewing disciplinary penalties to ensure penalties are not imposed on inmates with mental illness for conduct that is symptomatic of their mental illness; (6) evaluating inmates before prescribing prescription medications and monitoring these medications' effects; (7) formulating and implementing individualized treatment plans for inmates with mental illnesses; (8) providing mental health care housing; and (9) establishing quality assurance measures that monitor high-risk, high-volume, and problem-prone aspects of mental health care.

**B. Defendants Provide Unconstitutional Medical Care**

18.     The Constitution requires Defendants to provide inmates with adequate care for their serious medical needs.  Defendants have exhibited deliberate indifference to the MDCR Jail facilities' inmates' serious medical needs.

19.     The MDCR Jail facilities' inmates suffer serious harm from Defendants' failure to provide treatment for their serious medical needs, as shown by Defendants' own documentation:

a.   In July 2008, an inmate died twelve hours after the inmate's intake screening. The screening indicated no medical problems or history of drug or alcohol use; however, the inmate suffered a seizure at the MDCR Jail facilities.  Despite a high blood pressure reading and appearing disoriented post-seizure, the Jail's medical staff did not authorize the inmate's transfer to the hospital and did not order follow up treatment after the inmate's seizure and elevated blood pressure reading.  The inmate was found unresponsive in his cell and later pronounced dead;

b.  In May 2008, an inmate with a history of drug withdrawal died the same day the inmate was admitted to the MDCR Jail facilities.  The MDCR Jail facilities' staff did not provide observation or monitoring, despite the inmate's condition.  The inmate was found unresponsive in the inmate's cell and the MDCR Jail facilities' staff did not have an automated external defibrillator available.  The inmate was later pronounced dead; and

c.  In October 2007, an inmate died at the MDCR Jail facilities.  A day before his death, the inmate complained of shortness of breath.  The inmate's examination was inadequate and incomplete.  No vital signs were taken, no lung exam was completed, and the inmate was given medicine for a cold.  The next day, the

6

inmate continued to complain of shortness of breath and was transferred to the hospital where the inmate died.

20. Defendants failed to take reasonable measures to provide adequate medical care to inmates with serious medical needs such as through: (1) an adequate sick call process; and (2) identification and treatment of inmates suffering from acute or chronic illness.

## V.    VIOLATIONS ALLEGED

## DEFENDANTS' PATTERN OR PRACTICE OF VIOLATING INMATES' CONSTITUTIONAL RIGHTS

21. The United States alleges and incorporates by reference the allegations set forth in paragraphs 14-20, above.

22. CRIPA authorizes the United States to seek equitable and declaratory relief to remedy a pattern or practice of Defendants depriving inmates confined to the MDCR Jail facilities of any rights, privileges, or immunities secured or protected by the Constitution.

23. Defendants are, have been, or should have been aware of the deficiencies alleged in paragraphs 14-20 above, but have failed to take effective measures to remedy these deficiencies. These failures amount to deliberate indifference to the safety and health of the MDCR Jail facilities' inmates, in violation of the rights, privileges, and immunities that the Constitution secures and protects. *See* U.S. Const. amend. VIII & XIV. This deliberate indifference caused and continues to cause the violations of constitutional rights alleged.

24. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in paragraphs 14-20 above, that deprive persons confined in the MDCR Jail facilities of the rights, privileges, and immunities secured and protected by the Constitution.

## VI.    PRAYER FOR RELIEF

25.    The Attorney General is authorized under 42 U.S.C. § 1997 to seek equitable and declaratory relief.

26.    WHEREFORE, the United States prays that the Court will:

    a.  declare that Defendants' acts, omissions, and practices set forth in paragraphs 14-20 above, constitute a pattern or practice of conduct that deprives the MDCR Jail facilities' inmates of rights, privileges, or immunities secured or protected by the Constitution of the United States and those acts, omissions, and practices violate the Constitution of the United States;

    b.  permanently enjoin Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 14-20 above, and order Defendants to take such remedial actions as will ensure lawful conditions of confinement at the MDCR Jail facilities; and

    c.  grant such other relief as the interests of justice may require.

Respectfully submitted this 4th day of ___March___, 2013.

ERIC H. HOLDER, JR.
Attorney General of the United States

WIFREDO A. FERRER
United States Attorney

By: _____

Veronica Harrell-James (FL 644791)
Assistant U.S. Attorney
Southern District of Florida

ROY L. AUSTIN, JR. (DC 211491)
Deputy Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH (DC 396578)
Chief
LAURA L. COON (DC 481379)
Special Counsel

REGINA M. JANSEN (MD 25161)
Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel.: (202) 514-6255
Email: regina.jansen@usdoj.gov



# 𝔒𝔣𝔣𝔦𝔠𝔢 𝔬𝔣 𝔱𝔥𝔢 𝔄𝔱𝔱𝔬𝔯𝔫𝔢𝔶 𝔊𝔢𝔫𝔢𝔯𝔞𝔩

## 𝔚𝔞𝔰𝔥𝔦𝔫𝔤𝔱𝔬𝔫, 𝔇.𝔠. 20530

### CERTIFICATE OF THE ATTORNEY GENERAL

I, Eric H. Holder, Jr., Attorney General of the United States, certify that with regard to the foregoing Complaint, <u>United States v. Miami-Dade County, Florida et al.</u>, I have complied with all subsections of 42 U.S.C. § 1997b(a)(1). I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution.

In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action, and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C. § 1997b(b), I am personally signing this Certificate.

Signed this ___4th___ day of ___March___, 2013, at Washington, D.C.

ERIC H. HOLDER, Jr.
Attorney General of the United States