UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-cv-21570-BB

UNITED STATES OF AMERICA
  Plaintiff,

v.

MIAMI-DADE COUNTY, THE BOARD
OF COUNTY COMMISSIONERS, *et. al.*,
  Defendants.
_____/

**PLAINTIFF'S RESPONSE TO
<u>MOTION TO TERMINATE UNDER 18 U.S.C. § 3626(b)(1)(A)</u>**

  The United States respectfully submits this response to Miami-Dade County, the Board of County Commissioners of Miami-Dade County, and the Public Health Trust of Miami-Dade County's ("the Defendants") Motion to Terminate the Consent Agreement [ECF No. 287, "Motion"] pursuant to 18 U.S.C. § 3626(b)(1)(A)(i) of the Prison Litigation Reform Act ("PLRA"). The United States does not oppose the Defendants' Motion and believes termination of the Consent Agreement [ECF No. 9; *See* ECF No. 5-2] is appropriate.

**I.**  **Purpose of the Consent Agreement**

  On August 24, 2011, the United States issued a findings letter, pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, outlining a pattern or practice of constitutional violations in Miami-Dade Corrections and Rehabilitation ("MDCR") facilities. Identified violations at MDCR facilities included suicide risks, serious medical and mental health needs, and an inadequate health screening process that likely contributed to multiple deaths from

drug or alcohol withdrawal.[1] Following the United States' findings, the Parties engaged in substantial negotiations to reach an agreement that "when implemented, [would] ensure constitutional conditions at the MDCR Jail facilities." ECF No. 5-1 at 4. The agreement between the Parties was narrowly tailored, extended no further than necessary, and used the least intrusive means to correct the underlying constitutional violations as required by the PLRA. *See* 18 U.S.C. § 3626(a)(1)(A).

The Court entered the proposed Consent Agreement as an order on May 22, 2013. ECF No. 9. The Consent Agreement outlined requirements for medical and mental health care and suicide prevention practices. These requirements applied to all correctional facilities MDC operated. *See* ECF No. 5-2 at II.9. Additionally, the Consent Agreement outlined reporting requirements, monitoring processes, and termination requirements. These provisions would ensure that the Court and the United States could evaluate MDCR's progress toward implementation while ensuring the Consent Agreement would terminate when the violations identified in the United States' findings were no longer present.

## II.    PLRA Termination

A Consent Agreement regarding prison conditions "shall be terminable" upon motion by Defendants. 18 U.S.C. § 3626(b)(1)(A). This provision of the PLRA requires that any prospective relief continues to be necessary, narrowly tailored, and the least intrusive means necessary to remedy a current and ongoing violation. *See Cason v. Seckinger*, 231 F.3d 777, 783

---

[1] The findings letter also identified constitutional violations around excessive force, failure to protect individuals from serious risk of harm from other detained individuals, and unreasonable risk of harm concerning environmental health and safety conditions. These conditions were resolved through a separate settlement agreement between the Parties. The requirements of the settlement agreement were satisfied as of November 19, 2024. *See* Parties' Notice of Termination of Settlement Agreement [ECF No. 280] (November 19, 2024).

(11th Cir. 2000). Termination of relief is appropriate unless the court makes "written findings based on the record" that relief remains necessary. 18 U.S.C. § 3626(b)(3). Eleventh Circuit precedent requires that parties *opposing* termination be allowed to present evidence of current and ongoing violations. *Cason*, 231 F.3d at 782; *Loyd v. Alabama Dept. of Corrections*, 176 F.3d 1336, 1342 (11th Cir. 1999) (holding that it was an abuse of discretion to refuse an evidentiary hearing when there is a question of ongoing violations); *c.f. Berwanger v. Cottey*, 178 F.3d 834, 840 (7th Cir. 1999) (stating that "[o]nly if there are disputed issues of material fact must the court hold a new hearing and receive new evidence").

### III. The United States Does Not Oppose Termination

The United States is not opposing termination of prospective relief in this matter. The Court has all necessary information to promptly rule on Defendants' Motion; therefore, the United States does not believe that good cause exists for a postponement of the PLRA's automatic 30-day stay provision. *See* 18 U.S.C. § 3626(e)(2)-(3). The United States' position is informed by the reports from the Independent Monitor and the Independent Compliance Director, which demonstrate that the Defendants have satisfied the requirements and purpose of the Consent Agreement. Because the Consent Agreement was explicitly developed to remedy underlying constitutional violations, the United States believes that MDCR's sustained substantial compliance supports a determination that the court-ordered relief is no longer necessary.

The Independent Monitor in this case has continuously provided measurement regarding MDCR's compliance with the Consent Agreement, and the United States has generally concurred with the Independent Monitor's reports. In April, the Independent Monitor determined that MDCR was now in sustained substantial compliance with all remaining provisions of the

3

Consent Agreement. ECF No. 284-2. The United States has no reason to question the Independent Monitor's findings. The Independent Monitor's assessment process involves multiple points of data collection and analysis, including independent record review, observations, and interviews with individuals held at MDCR. The Independent Compliance Director's report, filed April 1, 2025, further supports MDCR's compliance by highlighting the changes within MDCR since 2022, and adding additional evaluation that supports the Independent Monitor's compliance determinations. In sum, the United States is confident Defendants have sustained substantial compliance with all requirements of the Consent Agreement.

## IV.     Conclusion

The Parties have reached the desired end of the Consent Agreement filed twelve years ago. As previously indicated by the Parties' Joint Motion for Termination, the United States agrees with the Defendants that all provisions and requirements of the Consent Agreement are in sustained substantial compliance. ECF No. 285. Because those provisions were narrowly tailored to remedy constitutional violations, termination is appropriate. As such, the United States will not present any evidence in opposition to Defendants' Motion to Terminate under 18 U.S.C. § 3626(b)(1)(A), and no extension of PLRA's automatic stay provisions is warranted. Instead, the Court should terminate the Consent Agreement and dismiss this case with prejudice.

Respectfully Submitted,

| | |
|---|---|
| HAYDEN O'BYRNE<br>United States Attorney<br>Southern District of Florida | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
| CHANTEL DOAKES SHELTON<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Southern District of Florida<br>500 E. Broward Blvd., Suite 700<br>Fort Lauderdale, FL 33394<br>Florida Bar No. 0118626<br>Chantel.DoakesShelton@usdoj.gov<br>(954) 660-5770 | R. JONAS GEISSLER<br>Deputy Assistant Attorney General<br>Civil Rights Division<br>ANDREW DARLINGTON<br>Acting Chief<br>Civil Rights Division<br>Special Litigation Section<br>LAURA L. COWALL<br>Deputy Chief<br>Special Litigation Section<br>*/s/ Ashley N. Light*<br>ASHLEY N. LIGHT<br>Trial Attorney<br>Special Litigation Section<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br>Special Bar No. A5503203<br>ashley.light@usdoj.gov<br>(202) 718-2258 |

DATED:   June 17, 2025